UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELVIN RAND,

    Plaintiff,

vs.

AUDBERTO ANTONINI,

    Defendant.
_____/

Civil Action No.
05-CV-70969

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, PURSUANT TO 42 U.S.C. § 1997e

This matter is presently before the Court on Defendant's Motion to Dismiss for failure to abide by the exhaustion of remedies requirement of 42 U.S.C. § 1997e and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Melvin Rand ("Plaintiff") is a pro se prisoner who has filed a 42 U.S.C. § 1983 civil rights action, alleging that Audberto Antonini ("Defendant") mistreated him in retaliation for Plaintiff's having filed several grievances concerning Defendant's alleged inadequate healthcare. (Pl.'s Compl., 4.) Plaintiff claims that Defendant's mistreatment violated his First and Eighth Amendment rights. (Id. at 4-5.) On the other hand, Defendant contends that Plaintiff's claim should be dismissed because Plaintiff has not shown that he has exhausted all internal administrative remedies prior to bringing a lawsuit in federal court. (Def.'s Mot. ¶¶ 8-10.) In addition, Defendant asserts that Plaintiff has not established the factors necessary to prove a claim of retaliation. (Def.'s Br. Supp. Mot., 9). Pursuant to Eastern District of Michigan Local Rule 7.1(e)(1), the Court shall decide this motion without oral argument.

1

## I. HISTORY OF THE CASE

### A. FACTUAL BACKGROUND

Plaintiff claims that Defendant, a physician at the prison facility where Plaintiff was in custody, retaliated against him after Plaintiff filed several grievances about the medical care he was receiving from Defendant. (Pl.'s Compl., 4.) For instance, Plaintiff states that Defendant retaliated against him by refusing to prescribe pain medication for Plaintiff's chronic back problem, by refusing to give hearing-aid batteries to Plaintiff, by taking away Plaintiff's wheelchair and walker, and by kicking Plaintiff on the side of his body when Plaintiff fell to the ground because of a back spasm. (Id. at 4-5.)

Plaintiff filed four grievances concerning the alleged mistreatment. Each grievance was given its own Grievance Identifier number. In Grievance Identifier #JCF 03080212712D3, Plaintiff cites Defendant's refusal to provide medication. (Id. at Ex. A.) In Grievance Identifier #JCF 03120383912D3, Plaintiff cites Defendant's refusal to provide hearing-aid batteries. (Id.) In Grievance Identifier #JCF 031203678012I, Plaintiff cites Defendant's removal of the wheelchair and walker. (Id.) In Grievance Identifier #JCF 03100332812D4, Plaintiff cites Defendant's kick to Plaintiff. (Id.)

### B. PROCEDURAL HISTORY

Plaintiff filed his complaint with this Court on March 11, 2005. On June 1, 2005, Defendant filed a Motion to Dismiss under 42 U.S.C. § 1997e and Fed. R. Civ. P. 12(b)(6). On June 28, 2005, Plaintiff filed his response. Defendant then filed his reply on July 8, 2005.

II.     **DEFENDANT'S MOTION TO DISMISS**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2003). In the case of a mixed complaint, which contains both unexhausted and exhausted claims, the Sixth Circuit recently joined "the Tenth and Eighth Circuits in holding that *total exhaustion* [of all claims] is required under the PLRA." Bey v. Johnson, 407 F.3d 801, 806 (6th Cir. 2005) (emphasis added). See id. at 805 (stating that "the PLRA requires a complete dismissal of a prisoner's complaint when that prisoner alleges both exhausted and unexhausted claims"). Thus, if a complaint includes exhausted and unexhausted grievances, a court should dismiss the entire complaint, leaving the plaintiff to exhaust the unexhausted claims and then refile the complaint.

Section 1997e serves as a screen to weed out and eliminate frivolous or unsubstantiated prisoner claims. See Brown v. Toombs, 139 F.3d 1102, 1103 (6th Cir. 1998) (stating that "[p]rior to the enactment of the statute, no significant incentives existed to deter the filing of state prison petitions raising insubstantial issues, and so in federal courts each year prisoners file thousands of petitions and take thousands of appeals"); Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999) (stating "[s]uch administrative review, along with a record of the administrative decision, is helpful to federal courts in weeding out the frivolous prisoner cases from the ones that may have merit so that they can concentrate on the latter"). Thus, the "heightened pleading standard permits federal courts to determine whether the claim can be decided on the merits, without inefficiently expending judicial resources on evidentiary hearings and responsive

pleadings." Baxter v. Rose, 305 F.3d 486, 488 (6th Cir. 2002).  See also Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000) (same).

Equally important as its purpose for judicial efficiency, Section 1997e's "requirement that a prisoner file a grievance against the person he ultimately seeks to sue" serves to ensure that "the prison administrative system has a chance to deal with claims against prison personnel before those complaints reach federal court." Curry v. Scott, 249 F.3d 493, 505 (6th Cir. 2001). See Freeman v. Francis, 196 F.3d 641, 644 (6th Cir. 1999) (stating "the importance of using the prison grievance process [is] to alert prison officials to problems").  Thus, "prisoners filing § 1983 cases involving prison conditions must allege and show that they have exhausted all available state administrative remedies." Brown, 139 F.3d at 1104.  In order to show exhaustion of all available administrative remedies, the Sixth Circuit instructs that "[a] prisoner should attach to his § 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint." Id.  There are, though, two instances where a plaintiff can show exhaustion without attaching copies of all the administrative decisions concerning the grievance.

First, the Sixth Circuit allows a prisoner to show exhaustion of administrative remedies "in the absence of written documentation, [by] describ[ing] with specificity the administrative proceeding and its outcome." Knuckles El, 215 F.3d at 642.  This language has lead the Sixth Circuit to hold that where a plaintiff has provided sufficient specificity as to the administrative grievance filings and proceedings, a "lack of documentation is thus not fatal" to a claim. Boyd, 380 F.3d at 995.  In other words, "[c]ourts will also consider as evidence of exhaustion a specific description of 'the administrative proceeding and its outcome.'" Smiley v. Smith, No. Civ. 05-

10065-BC, 2005 WL 2417070, at *3 (E.D. Mich. Sept. 30, 2005) (quoting Knuckles El, 215 F.3d at 642). If a plaintiff does not provide sufficient specificity to "make a sufficient allegation of exhaustion in their initial complaint, [that plaintiff will] not be allowed to amend his complaint to cure the defect." Baxter, 305 F.3d at 489. However, "[i]f the plaintiff has exhausted his administrative remedies, he may always refile his complaint and plead exhaustion with sufficient detail to meet our heightened pleading requirement," as long as the statute of limitations has not expired. Id. See Boyd v. Corrs. Corp. of Am., 380 F.3d 989, 994 (6th Cir. 2004) (stating that "[a] dismissal under § 1997e should be without prejudice").

Second, the Sixth Circuit has "conclude[d] that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." Boyd, 380 F.3d at 996. For instance, in Boyd, the Sixth Circuit found that a plaintiff exhausted all administrative remedies when he "specifically alleged that (1) he submitted a grievance form by giving it to a corrections officer, (2) the grievance covered 'the events of the evening of August 11, 1998,' (3) the grievance was delivered to the Grievance Chairperson . . . and (4) *prison officials totally failed to respond to the grievance*." Id. (emphasis added). The grievance was considered to be exhausted, even though prison officials had not responded. Thus, it becomes evident that a plaintiff can show exhaustion of his administrative remedies if he provides sufficient specificity regarding the grievance steps, or if prison officials do not respond in a timely manner to the grievance.

Here, Defendant argues that two of Plaintiff's four grievances have not been completely

5

exhausted, and that the entire complaint should therefore be dismissed.[1]  Defendant asserts that two of Plaintiff's grievances were not exhausted because Plaintiff did not provide sufficient documentation showing that he carried the grievances through all three steps of the internal grievance process.  (Def.'s Br. Supp. Mot., 1-2.)  The complete internal grievance process consists of the prisoner's filing a grievance and the prison's filing a response (Step I); the prisoner's filing an appeal of the Step I decision and the prison's filing a response (Step II); and the prisoner's filing an appeal of the Step II decision and the prison's filing a response (Step III).  (Def.'s Mot., Ex. A, 4-6.)

First, Defendant argues that Plaintiff did not exhaust Grievance Identifier #JCF 03100332812D4, concerning Defendant's alleged kick of Plaintiff.  Defendant's assertion is based on the fact that there is no Step III response attached to the complaint.  (Def.'s Br. Supp. Mot., 2.)  Plaintiff, though, does provide a copy of his grievance form, the prison's Step I grievance response, his appeal form, and the prison's Step II grievance appeal response.  It seems that the reason there is no Step III response to this grievance is because the prison has not yet filed a response.  After not receiving a Step III response, Plaintiff apparently sent letters in March and April, 2004, to the Hearings Division of the Michigan Department of Corrections in

---

[1] Defendant admits that Grievance Identifier #JCF 03120383912D3, concerning Defendant's refusal to provide hearing-aid batteries, is a claim that has been completely exhausted.  (Def.'s Br. Supp. Mot., 1-2.)

On the other hand, Defendant asserts that Grievance Identifier #JCF 031203678012I, concerning the removal of a wheelchair and walker, was insufficient because the prison officials' grievance responses show that Plaintiff was also examined by another doctor, who similarly determined that Plaintiff did not need the wheelchair and walker.  (Id. at 1, 4.)  This is irrelevant.  Whether another prison physician agrees or disagrees with the Defendant is not the test for whether a claim has been exhausted.  In fact, Defendant himself erases any doubt about this claim's specificity or exhaustion—Defendant states that "[t]he grievance names Dr. Antonini [Defendant] and was appealed through Step III."  (Id.)

an attempt to obtain the prison's response.  (Pl.'s Compl., Ex. A.; Pl.'s Resp., 8-9.)  This demonstrates Plaintiff's good-faith attempt to elicit a Step III response from prison officials.  And while the letters cannot be considered appeals themselves, they do show how the Plaintiff received no Step III response over the course of several months.

Prison officials cannot bar a prisoner from achieving full exhaustion of his claims by simply ignoring that prisoner's grievance.  As previously noted, the Sixth Circuit has "conclude[d] that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance."  Boyd, 380 F.3d at 996.  Thus, Grievance Identifier #JCF 03100332812D4, concerning Defendant's alleged kick of Plaintiff, should be considered exhausted, as prison officials have not responded to the grievance in a timely manner.

Next, Defendant argues that Grievance Identifier #JCF 03080212712D3, concerning the alleged refusal of medication, is not exhausted because "no Step I is provided [along with the complaint] to determine essential details as to the parties grieved and exact issues raised."  (Def.'s Br. Supp. Mot., 1, 4.)  Defendant is correct.  Plaintiff not only failed to attach the Step I grievance form, he also did not attach the prison's Step II response.  (Pl.'s Compl., Ex. A.)  However, it must be noted that Defendant himself admits that the grievance was "grieved through Step III."  (Def.'s Br. Supp. Mot., 1, 4.)  Further, in the prison's Step III response, a prison official states that the "investigator has reviewed the record" and made a Step III decision to deny Plaintiff's appeal.  (Pl.'s Compl, Ex. A.)  These all show that Plaintiff's grievance had proceeded through the prison's grievance process.  Most revealing, though, is that the prison itself states that the Plaintiff's "grievance was processed at the local level according to the provisions of [the] Policy Directive [concerning] 'Prisoner/Parolee Grievances.'"  (Id.)

As previously explained, the purpose of the PLRA is to alert the prison about a prisoner's allegations, so that prison officials have a chance to investigate the alleged problem before it goes to federal court.  In this case, the Plaintiff surely did alert prison officials about his grievance.  Plaintiff carried his grievance through Step I, Step II, and Step III, as is clear from the prison's Step III response and its admission that Plaintiff had complied with the internal grievance procedures.  Moreover, Plaintiff's appeal form, which presents his case and names Defendant, provides details as to the issues at hand.  Lastly, the prison itself assigned the grievance a Grievance Identifier number, which shows that the prison was cognizant of the grievance.  Thus, the prison was certainly aware of Grievance Identifier #JCF 03080212712D3, concerning the alleged refusal of medication, and it had a chance to investigate and respond to that grievance at each step.

However, the PLRA also seeks to ensure that a federal court is presented with a sufficient record, so that it can make a decision regarding the complaint without having to conduct extensive evidentiary reviews. Although the preferred way to show that a prisoner's grievances have been exhausted is by "attaching a copy of the applicable administrative dispositions to the complaint," a prisoner can also show exhaustion by "describ[ing] with specificity the administrative proceeding and its outcome" when there is an "absence of written documentation."  Knuckles El, 215 F.3d at 642.  Here, though, the Plaintiff fails on both alternatives.  Plaintiff did not provide the required Step I grievance form for Grievance Identifier #JCF 03080212712D3, which would have provided needed details about the specific alleged problem at hand.  Although Plaintiff could have compensated for the lack of documentation by thoroughly describing the Step I proceeding and its outcome, Plaintiff did not include such a

description. In fact, Plaintiff only included his grievance appeal form and the prison's Step III response.[2] Thus, Plaintiff did not provide the necessary documentation needed to apprise this Court about the specific details of each step involved in the internal grievance process, as is required by the PLRA.

Plaintiff's failure to provide documentation or a specific description of Step I would leave this Court to conduct its own evidentiary investigation. Such an investigatory fishing trip would grind against the very purpose behind the PLRA, which seeks to increase the efficiency and dependability by which courts can weed out frivolous and unsubstantiated claims from the beginning. Therefore, the entire complaint should be dismissed without prejudice, so as to give Plaintiff the chance to gather the required documentation or, in the alternative, to write a specific description of the missing Step I information.[3] The Plaintiff can then refile the complaint to show total exhaustion of all the claims.

### III.  CONCLUSION

For the reasons stated above, this Court shall grant the Defendant's Motion to Dismiss, for the Plaintiff has failed to abide by the exhaustion of remedies requirement under 42 U.S.C. §

---

[2] It should be noted that Plaintiff is well aware of what is required to show exhaustion. For instance, Plaintiff provides the following documents for Grievance Identifier #JCF 03120383912D3, concerning the hearing-aid batteries: Prisoner/Parolee Grievance Form, Prisoner/Parolee Grievance Appeal Form, Step II Grievance Appeal Response, and Step III Grievance Response.

[3] Due to the Court's decision that Plaintiff's complaint should be dismissed for failure to abide by the exhaustion of remedies requirement under 42 U.S.C. § 1997e, the Court finds it unnecessary to address Defendant's contention that Plaintiff's complaint should also be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

1997e.  Accordingly,

       IT IS ORDERED that Defendant's Motion to Dismiss is granted, pursuant to 42 U.S.C. § 1997e.

       IT IS FURTHER ORDERED that Plaintiff's complaint is dismissed without prejudice.

       ____s/Bernard A. Friedman_____
       BERNARD A. FRIEDMAN
       CHIEF UNITED STATES DISTRICT JUDGE

Dated:  November 28, 2005
       Detroit, Michigan

**I hereby certify that a copy of the foregoing document was served this date upon counsel of record electronically and/or via first-class mail.**

**_____/s/ Patricia Foster Hommel_____**
       **Patricia Foster Hommel**
       **Secretary to Chief Judge Friedman**